Dear Clerk of the Honorable Criminal Appeals

RE: Please find insid Petitioner Thomas Lamont Murphy #6847412. Rebuttal to The Trial Courts Findings of Facts.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 19 2015

Abel Acosta, Clerk

Thomas L Murphy
#6847412
Mark Stiles Unit
3060 FM 3514
Beaumont TX 77705
Date : 10-13-0015

x _Thomas Murphy_

NO, W93-40746-N(C)

§

EX PARTE,                                    §                    IN THE 195th JUDICIAL

                                             §
                                             §                    DISTRICT COURT
                                             §

THOMAS LAMONT MURPHY                         §                    DALLAS COUNTY, TEXAS

                                             §§

---

PETITIONER'S REBUTTAL TO THE TRIAL COURTS FINDINGS OF FACTS
AND CONCLUSION OF LAW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS,

COME NOW EX PARTE THOMAS LAMONE MURPHY, PETITIONER TDCJ-ID#644742, and

submits his objections to the STATE SUPPLEMENTAL RESPONSE, and FINDING

of FACTS and CONCLUSION of LAW. Petitioner has the following objections.

(1) In contrast to Petitioner efforts, The State has wholly failed to comply with the TEXAS CODE of CRIMINAL PROCEDURE ARTICLE 11.07 sec 3 (a) and (d). THe State has fail to resolve the [Said] Issues. By failing in the duty place'd up on them to make the Application return able, and collect court report's, deposition, interrogatories, order hea rings and most of all conduct a proper evidentiary investigation. Petitioner object to State supplemental response.

(2) It said's after the convicting court makes findings of fact or approves the findings of the person designated to make them, the clerk of the convicting court shall immediately transmit to the court of Criminal Appeals, under one cover, the application, any answers filed any motions filed transcripts of all depositions and hearings, and affidavits and any other matters such as official records used by by the court in resolving Issues of fact. Art.11.07 sec 3(d). If the State think that the (STATE'S EXHIBITS A,B,C,D,E,FANDG) has made the Petitioner writ ready to return to this Honorable Court of Criminal Appeals when in fact it's not.(1), First of all State's Exhibit A, Direct Appeal Opinion has nothing to do with (Writ No.W93-40746-N(C) AS THE STATE DID'NT PLACE THE PETITIONER APPLICATION IN THERE RESPONSE. (2),STATE'S EXHIBITS C,D also has nothing to do with (Writ NoW93-40746 -N(C). I understand the state is tring to show I COULD have, by giving background facts thats (IRRELEVENT) to W93-40746-N(C) for thisthe Petitioner object to the STATE'S INTERING EXHIBITS A,B,C,D,E,F,AND G. Once agan the State's fail to comply with Code of Criminal Procedure Art 11.07 Sec 3(a),(d).

(3) The state has sent a James Hammond who is employed as a criminal investigator for the District Attorney office,[SEE STATE"S EXHIBIT F,A AFFIDAVIT] The state has enter this said interview with RICO WALTON,who is a know Confidential Informat in the case. [See State's Exhibit G LEWIS Trial Records page 56,6-12] and also [See Writ Application ,Memorandum at page 2, Grounds for relief (1)] The Petitioner feels the State Attorney is seeking to deprive him of his "Liberty." The fourteenth Amendment and the Bill of Rights are protection of those rights, were Petitioner, Thomas Murphy rights to examine all witnesses against him and to present evidence, and arguments, under Crawford vs WASHINGTON,124 S.ct.1354(2004). The Confrontation clause; 'to cross-examine the witness against him." Where a paper hearing is unconstitutional and deprives Petitioner of his due process rights

(1)

under **Crawford** . The Confrontation Clause, applies to those who bear wetness or testimony againt him, which is typically a solem declaration of affirmation made for purpose of establishing or proving some fact, see **Crawford vs Washington, 124 s.sct. at 1364.** The is order to resolve the issue in this case by aluing admission of affidavit James Hammond of his testimonial hearsay violates Confrontation Clause where Petitioner is not present to cross-examine the declarant, The Court of Criminal Appeals opinion in "Russaeu" that thereby requires a reght to cross-examine those witnesses. **In Re Sm, 207 S.W.3d 421 pg .424 (6) . Russaeu v. State, 171 S.W.3d** .If Petitioner is not giving a chice to cross-examine all said witnesses of the State he object to the entering of the affidavit an any other testimonial hearsay of the State.

## APPLICABLE LAW

Art.11.49 provides that the burden of proof at the post-conviction hearing is on the Applicant to prove his claim by propiction of the evidence, and the burden entitles the Applicant his rights to counsel and his rights to opening and closing statements/aeguments,seeEx parte Rains,555 s,w,2d 478

This is the only way the Petitioner feels justic can be served.

# UNRESOLVED FACTS

The PETITIONER would like to bring to the Honorable Court of Criminal Appeals that the Petitioner did file for a appointed of counsel inder V:A:C.C.P ART.11.07 sec 3(d),ART,26.04. In order for justic to be servie. An the Petitioner did sho3w he is Indigent on the Date of 5/29/2015 in which the State didnt bother to respone to. It is very clear the state has filed an answer, However it did not controvert what the Petitioner has assected in his application.

Since the facts requiring resolution and the Court cannot hear evidence (COURT OF CRIMINAL APPEALS) Petitioner asks that this Honorable court order the trial court to complete the records addressing Writ No.W93-40746-N(C) Issue only,or accept Petitioner's assertions as true and grant him all relief deemed appropiate.

Every provision relating to the Writ of Habeas Corpus shall be most favorablely construed in order to give effect to the remedy amd protect the rights of the person seeking relief under it's C,C.P art 11.04.

## UNSWORN DECLARATION

I,THOMAS LAMONT MURPHY,TDCJ-ID#644742,PRESENTY INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-MARK W STILES UNIT,DECLARE

UNDER THE PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING IS TRUE AND CORRET.

RESPECTFULLY SUBMITTED,

EXECUTED ON _13_ DAY OF _OCTober_ 2015

10-13-0015

(3)

## PRAYER

Petitioner prays that this HONORABLE COURT OF CRIMINAL APPEALS sustains his objections,and that the record is ordered complete concerning his unresolved facts that counsel for the state fail to resolve.

## CERTIFICATE OF SERVICE

I,hereby, Certify that on the above date,a true and correct copy of Petitioner's **REBUTTAL TO THE TRIAL COURTS FINDINGS OF FACYS AND CONCLUSION OF LAW,**WAS MAILED THROUGH THE UNITED STATES POST OFFICE TO GARY FITZSIMMONS(DALLAS COUNTY DISTRUCT CLERK), AND SUSEN HAWK (DALLAS COUNTY DISTRICT ATTORNEY) IN DALLAS COUNTY TEXAS. AND TO ABEL ACOSTA (CLERK OF THE COURT OF CRIMINAL APPEALS) AUSTIN,TEXAS

(4)

cc; District Attorney DALLAS COUNTY (DELIVERED BY U.S POSTER MAIL)
District Clerk Dallas County(DELIVERED U.S POSTER MAIL)

THOMAS LAMONT MURPHY #644742<br>
MARK W STILES UNIT<br>
3060 FM 3514<br>
BEAUMONT,TEXAS 77705